THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiff
6273 Sunset Drive
Suite D3
South Miami, Florida 33143
Telephone: (253) 970-1683
CA Bar No. 310526
Email: Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiffs, SHAYLA FITE and THE FITE BRAND, LLC**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAYLA FITE, an individual; and THE FITE BRAND, LLC, a California Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL BEASLEY, JR., an individual;<br><br>　　　　　Defendant. | Case No.:<br><br>COMPLAINT FOR<br><br>1. ASSAULT<br>2. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>4. BREACH OF CONTRACT<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW COMES Plaintiffs, SHAYLA FITE ("MS. FITE") and THE FITE BRAND ("COMPANY") (collectively, the "PLAINTIFFS"), by and through undersigned counsel and hereby file this Complaint and Demand for Jury Trial against Defendant, MICHAEL BEASLEY, JR. ("BEASLEY" or the "DEFENDANT"), and pleading hypothetically and/or alternatively state as follows:

**INTRODUCTION**

1. This is a suit based upon intentional torts, negligence and breach of contract. The PLAINTIFFS

---

COMPLAINT FOR DAMAGES - 1

have specifically alleged counts of: Assault, Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, and Breach of Contract; however, the PLAINTIFFS may move to amend this Complaint should additional counts or claims against the DEFENDANT be discovered.

2.  The DEFENDANT has engaged in outrageous, irresponsible and despicable conduct that should be punished to the maximum extent under the law.

3.  As a direct result of the acts and/or omissions of the DEFENDANT, the PLAINTIFFS have been harmed and damaged and they are therefore seeking an amount of damages in excess of $150,000.00, including an award of punitive damages, costs, and attorney's fees.

## THE PARTIES, JURISDICTION, AND VENUE

4.  Plaintiff, SHAYLA FITE, is an individual, and was at all relevant times mentioned herein a citizen of the State of California. MS. FITE is the sole owner, member and manager of the COMPANY.

5.  Plaintiff, THE FITE BRAND, LLC is a California Limited Liability Company, and it was at all relevant times mentioned herein a citizen of the State of California since its sole owner/member, Ms. Fite, was/is a citizen of California.

6.  The Defendant MICHAEL BEASLEY, JR, is an individual, and was at all relevant times mentioned herein a citizen of the State of Georgia.

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the amount in controversy of this suit exceeds $75,000.00, exclusive of interests and costs, and it is between citizens of different states.

8.  Venue is proper pursuant to § 1391 in that a substantial part of the events or omissions giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

9.  In 2018, MS. FITE was contacted by the DEFENDANT, who at the time was a professional basketball player, regarding his desire to retain the services of MS. FITE and the COMPANY.

10. When the DEFENDANT contacted MS. FITE, he was advised that she was living in France and that she had moved the COMPANY there in order to pursue international opportunities in the sports/marketing industry.

11. Due to the success, reputation, and good-will of MS. FITE and the COMPANY, the DEFENDANT requested that MS. FITE return to the United States and resume the COMPANY'S business operations domestically so that the PLAINTIFFS could work with him.

12. While MS. FITE initially declined the opportunity to work with the DEFENDANT, due to his continued and persistent efforts to acquire her and the COMPANY'S services, MS. FITE ultimately agreed to return to the United States and to move to Los Angeles, California, in order to work with the Defendant, who at the time, was playing professional basketball for the Los Angeles Lakers.

13. On or around October 13, 2018, the DEFENDANT entered into a Personal Liaison Services Contract (the "Agreement") with the COMPANY, which went into effect on October 15, 2018, and which was executed by both the DEFENDANT and MS. FITE. A true and correct copy of the Agreement is attached hereto as Exhibit "A".

14. Pursuant to the terms of the Agreement, the DEFENDANT was to pay the COMPANY a sum of Four Thousand dollars ($4,000.00) per month in exchange for MS. FITE and the COMPANY being available to the DEFENDANT 24-hours a day and providing the DEFENDANT with personal liaison services (the "Services"). *See* Exhibit "A".

15. As a result of MS. FITE'S move/return to the United States, the DEFENDANT and the PLAINTIFFS agreed that the PLAINTIFFS would receive an advance of the first month's payment in the amount of Four Thousand dollars ($4,000.00).

16. The Agreement also provided, in pertinent part, that the Services that were to be provided by the PLAINTIFFS were to be provided in a "Safe Work Environment" and "[a]ny physical, sexual, mental, or financial abuse [would] result in [the] immediate termination of [the Agreement]. *Id.*

17. Upon the effective date of the Agreement, October 15, 2018, Mr. Beasley failed to remit ***any*** payment to the PLAINTIFFS, let alone the Four-Thousand-dollar ($4,000.00) payment advance that had been promised to the PLAINTIFFS.

18. Notwithstanding the DEFENDANT'S failure to remit the payment advance, the PLAINTIFFS proceeded to perform their obligations under the Agreement for the DEFENDANT.

19. On or around November 9, 2018, MS. FITE brought a suit to the DEFENDANT'S then-temporary residence in Los Angeles, California (the "Residence") so that the DEFENDANT could try the suit on.

20. The suit was provided to the DEFENDANT by a company known as Jones Selects and it was designed by Gary Jones ("Mr. Jones").

21. In addition to bringing the suit to the DEFENDANT at the Residence, MS. FITE also intended to discuss the details of receiving her outstanding Four-Thousand-dollar ($4,000.00) payment advance while she was with the DEFENDANT as well.

22. After entering the Residence, MS. FITE was summoned to the DEFENDANT'S bedroom where she placed the suit on the floor for the DEFENDANT to view and try on.

23. While MS. FITE was placing the suit on the floor, the DEFENDANT closed the door to his bedroom behind her and walked into his closet.

24. When the DEFENDANT emerged from his closet, he was naked and revealing his erect penis, which was positioned in close proximity to MS. FITE's face.

25. Upon seeing the DEFENDANT'S naked body and erect penis, MS. FITE averted her eyes and advised the DEFENDANT that she would keep her eyes closed until he got dressed; however, the DEFENDANT responded by stating that MS. FITE 'did not have to.'

26. The DEFENDANT'S actions left MS. FITE paralyzed in fear for her safety due to the door being closed behind her and because MS. FITE was unsure of what was to happen to her.

27. Not knowing what to do, MS. FITE decided to video call Mr. Jones, the designer of the suit, who had been expecting her call so he could see how the DEFENDANT looked in the suit.

28. Eventually the DEFENDANT tried on the suit, but all the while his penis was still erect, something that was witnessed by Mr. Jones during his video call with MS. FITE.

29. Once the DEFENDANT finished trying on the suit, he proceeded to walk MS. FITE out of the Residence; however, he would not open the door for her to leave until after MS. FITE texted him the address of an event that she was planning to attend the next evening.

30. After sending the DEFENDANT the address to the event, the DEFENDANT finally allowed MS. FITE to exit the Residence.

31. Upon returning to her car, MS. FITE sat in place for several minutes in shock and trying to process the events that had just occurred between her and the DEFENDANT.

32. After the incident, MS. FITE terminated the Agreement and her professional relationship with the DEFENDANT; however, the DEFENDANT failed to compensate MS. FITE for any of the services she had rendered to or on the DEFENDANT'S behalf pursuant to the terms of the Agreement.

33. As a direct result of the DEFENDANT'S unprovoked actions, MS. FITE was left traumatized, fearful of men, in need of phycological/therapeutic assistance and incapable of operating her business in the manner in which it was created.

34. Each of MS. FITE's damages occurred at no fault of her own and her damages were solely the result of the acts and/or omissions of the Defendant.

### COUNT I
### ASSAULT
(by MS. FITE against the DEFENDANT)

35. The PLAINTIFFS reallege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, above, inclusive.

36. The DEFENDANT intentionally created an offer of bodily harm/injury to MS. FITE by force

under circumstances that created a well-founded fear of imminent peril in MS. FITE, and the DEFENDANT had the present ability to effectuate his attempts to produce bodily injury towards MS. FITE when the DEFENDANT shut the door of his bedroom, isolating MS. FITE, and emerging naked with an erect penis in MS. FITE'S face.

37. The DEFENDANT'S actions were taken without MS. FITE'S consent or permission and they were intentional and unlawful.

38. The DEFENDANT'S actions were performed without any regard for their impact on MS. FITE and they were done solely for the DEFENDANT'S own personal pleasure and sexual gratification.

39. As a direct and proximate result of the DEFENDANT'S assault of MS. FITE, she has suffered damages of a physical, emotional and pecuniary nature, in an amount in excess of the jurisdictional limits.

### COUNT II
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(by MS. FITE against the DEFENDANT)

40. The PLAINTIFFS reallege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, and paragraphs 35 through 39, above, inclusive.

41. The DEFENDANT had a duty to exercise reasonable and ordinary care and caution in and about the ownership, management, maintenance, supervision, control, and operation of his private residence, the Residence, all to the benefit of guests, patrons, business invitees, and persons like MS. FITE.

42. The DEFENDANT breached this duty through his acts and/or omissions by, amongst other things, isolating MS. FITE in his bedroom and thereby allowing and perpetrating the sexual assault of MS. FITE in the Residence described herein.

43. As a direct and proximate result of the negligent acts and/or omissions of the DEFENDANT,

MS. FITE has suffered, and she continues to suffer, from damages, including, but not limited to, pain and suffering, severe and permanent emotional distress, damage to her reputation, embarrassment, and past and future medical expenses.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(by MS. FITE against the DEFENDANT)

44. PLAINTIFF realleges as though fully set forth at length, and incorporates herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, and paragraphs 35 through 39, and paragraphs 40 through 43, above, inclusive.

45. At all times herein, the DEFENDANT acted intentionally and unreasonably by conspiring to isolate MS. FITE in his bedroom and by making an overt, unwanted sexual advance in which he positioned his naked and erect penis within inches from MS. FITE'S face, when the DEFENDANT knew, or he should have reasonably known, that MS. FITE'S emotional distress would likely result.

46. The DEFENDANT'S conduct was intentional and malicious and it was done for the purpose of causing, or was known by the DEFENDANT to likely cause, MS. FITE humiliation, mental anguish, embarrassment and severe emotional distress. The DEFENDANT'S actions were done with wanton and reckless disregard for the consequences to MS. FITE.

47. As such, in committing the acts alleged hereinabove, the DEFENDANT has acted outrageously and beyond all reasonable bounds of decency in our modern society, or any society for that matter, and the DEFENDANT intentionally inflicted severe emotional distress upon MS. FITE to her detriment.

48. MS. FITE is informed and believes and thereon alleges that the DEFENDANT acted with actual malice and reckless disregard for MS. FITE and her well-being.

49. As a direct and proximate result of the aforementioned acts of the DEFENDANT, MS. FITE has suffered and continues to suffer from damages, including, but not limited to, pain and suffering, severe and permanent emotional distress, damage to her reputation, embarrassment, anxiety and worry.

50.     MS. FITE is informed and believes and, on that basis, alleges that the aforementioned acts of the DEFENDANT were done intentionally and/or with a conscious and/or reckless disregard for MS. FITE'S rights, and with the intent to vex, injure or annoy MS. FITE, such as to constitute oppression, fraud, or malice.

**COUNT IV**
**BREACH OF CONTRACT**
(by PLAINTIFFS against the DEFENDANT)

51.     The PLAINTIFFS reallege as though fully set forth at length, and incorporate herein by reference, all of the allegations and statements contained in paragraphs 1 through 34, paragraphs 35 through 39, paragraphs 40 through 43, and paragraphs 44 through 50, above, inclusive.

52.     The DEFENDANT and the PLAINTIFFS entered into a written agreement, the Agreement, on October 13, 2018, which became effective on October 15, 2018.

53.     The Agreement consisted of an "offer" - the DEFENDANT'S request to retain the Services of the PLAINTIFFS; "acceptance" - the PLAINTIFFS' willingness to provide the Services to the DEFENDANT; and "consideration" - the payment of Four Thousand dollars ($4,000.00) per month to the PLAINTIFFS in exchange for the performance of the Services.

54.     The PLAINTIFFS fulfilled all of their obligations under the Agreement; however, the DEFENDANT breached the Agreement by (a) creating an unsafe work-environment through his sexual assault of MS. FITE, and by (b) failing to pay the PLAINTIFFS the compensation that had been agreed upon in the Agreement.

55.     As a direct result of the DEFENDANT'S breach of the Agreement, the PLAINTIFFS have suffered damages and they are entitled to recover the amount that is owed to them as a result of the DEFENDANT'S breach.  The PLAINTIFFS are also entitled to prejudgment interest to compensate them for the loss of the use of the monies that they were entitled to, plus additional damages that shall be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, SHAYLA FITE and THE FITE BRAND, LLC, pray for judgment in their favor and against Defendant MICHAEL BEASLEY as follows:

a. For an award of general and special damages in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLLARS;

b. For the costs of this action;

c. For attorney's fees incurred herein;

d. For any other and further legal and equitable relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs SHAYLA FITE and THE FITE BRAND, LLC hereby demand a trial by jury for all issues so triable.

## RESERVATION OF RIGHTS

Plaintiffs SHAYLA FITE and THE FITE BRAND, LLC reserve the right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against the DEFENDANT or any other parties as may be warranted under the circumstances and as allowed by law. The PLAINTIFFS further reserve the right to seek and have punitive damages assessed against the DEFENDANT.

Respectfully submitted,

DATED this 7th day of May 2021.

**THE WILLIAMS LAW GROUP**

/s Andrew Williams, Esq.
BY: ANDREW WILLIAMS, ESQ.
California Bar No.: 310526
6273 Sunset Drive, Ste D3
South Miami, Florida 33143
Telephone: (253) 970-1683
E-Service: Andrew@TheWilliamsLG.com
Secondary: WilliamsLawFlorida@gmail.com
*Attorney for Plaintiffs Shayla Fite and The Fite Brand, LLC*
